FLORENCE MERRIMAN, Plaintiff, *v.* RAPLEY P. MERRIMAN, Defendant.

(Supreme Court, Kings Special Term, May, 1918.)

Divorce — interlocutory judgment of — alimony — insurance (life) — "War Risk Insurance Act."

Where the wife of a soldier in the United States army, receiving thirty-six dollars a month pay, obtains an interlocutory judgment of divorce, a decree awarding her alimony at the rate of forty dollars a month for the support and maintenance of herself and child during the period of defendant's enlistment and for one month thereafter must omit any direction by whom or to whom the alimony is to be paid.

Such decree will provide that the receipt by plaintiff of the family allowance of twenty-five dollars under the "War Risk Insurance Act," approved October 6, 1917, plus the allotment thereunder of one-half of defendant's pay, to the amount of forty dollars a month, shall be in full satisfaction of all

claim for alimony against the defendant for the term of his enlistment and for one month thereafter; and that beginning after the expiration of his enlistment payments of alimony shall be made by him on a day specified.

ACTION for a divorce.

Alvah W. Burlingame, for plaintiff.

ASPINALL, J.   This is an action for divorce in which the defendant, a soldier in the United States army, appeared in person, but defaulted as to any other pleading.  He submits an affidavit in which he declares that he does not intend to defend the action and waives notice of all further proceedings.  Upon the proof adduced at the trial judgment must be entered against him, and the plaintiff is entitled to an interlocutory judgment of divorce which shall provide that the plaintiff have the custody of the infant child of the marriage and be awarded alimony at the rate of forty dollars per month.

Under the act of Congress, known as the War Risk Insurance Act, approved October 6, 1917, certain allotments of pay by enlisted men and family allowances by the government are provided for.  The government makes an allowance in addition to the soldier's pay to his wife (including a former wife divorced, who has not remarried and to whom alimony has been decreed) and to his child or children, as follows: " * * * if there be a wife and one child, twenty-five dollars."  In addition to this family allowance of the government, the soldier is compelled to allot a portion of his pay equal to the family allowance of the government, except that it shall not be more than one-half the pay, or less than fifteen dollars.  In the case of a former wife divorced, the total amount paid to her shall not exceed the amount specified in the court decree.  These allowances and allotments will be paid

to soldiers' dependents during the period of the war and for one month thereafter. In the case before me the rate of pay of the defendant is thirty-six dollars per month and under the provisions of the act he is compelled to allot a sum equal to the family allowance of the government, but not to exceed one-half the pay; in this case his allotment is eighteen dollars. The family allowance to his wife (or his former wife divorced who has not remarried, and to whom alimony has been decreed) and one child amounts to twenty-five dollars, making a total sum to which the plaintiff is entitled of forty-three dollars. This amount she has been receiving for some time. Under the judgment herein she is entitled to receive forty dollars monthly.

The proposed decree, as submitted, is defective, in that it directs " that following the entry of this judgment on the first business day of each month the defendant pay to the plaintiff the sum of forty dollars for the maintenance and support of the plaintiff and the child."

It is obvious that the defendant could not comply with a direction that he pay forty dollars on the first business day of each month when forty dollars is more than the rate of pay of his grade and the time of payment of the soldiers is necessarily very irregular. The plaintiff will receive a sum not to exceed the amount specified in the decree herein, but this court has no right to direct the United States government to pay it.

I will, therefore, sign an interlocutory judgment of divorce in favor of the plaintiff, awarding her the custody of the child and fixing forty dollars per month as the alimony to which she is entitled for the support and maintenance of herself and the child during the period of the defendant's enlistment and for one

month thereafter, omitting, however, any direction by whom or when it is to be paid. The receipt of a family allowance from the government plus the allotment of the defendant, to the amount of forty dollars per month, shall be in full satisfaction of all claim for alimony against the defendant for the term of his enlistment and for one month thereafter. The decree may further provide that beginning one month after the expiration of the defendant's enlistment, the payments shall be made by him on a day specified.

Ordered accordingly.